IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APOTEX, INC., and APOTEX CORP., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-cv-0196 (SLR) |
| | ) | |
| SENJU PHARMACEUTICAL CO., LTD., | ) | |
| KYORIN PHARMACEUTICAL CO., LTD., | ) | |
| and ALLERGAN, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties have stipulated that certain information be treated as confidential;

WHEREAS, discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of the Plaintiffs Apotex, Inc. and Apotex Corp. (collectively "Plaintiffs"), the Defendants Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd., and Allergan, Inc. (collectively "Defendants"), or non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS, such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Stipulated Protective Order pursuant to Rule 26(c) for the purposes of advancing the

00209985

progress of this case and to prevent unnecessary dissemination or disclosure of such confidential

information.

Accordingly, it is this _____ day of _____, 2015, by the United States District

Court for this District of Delaware, ORDERED:

## CONFIDENTIALITY DESIGNATIONS

1.      Any document, or portion thereof, any type of evidence, and any form of

discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure and

any other information or thing hereafter furnished, directly or indirectly, by or on behalf of any

party, non-party or witness in connection with this action ("Information") which is in good faith

considered to contain or constitute any trade secret or other confidential or proprietary research,

development, commercial, or financial information may be designated "CONFIDENTIAL" by

the party providing such Information ("the Producing Party").  CONFIDENTIAL Information,

designated as such in accordance with this Stipulated Protective Order, shall be disclosed or

made available only to persons permitted by paragraphs 3, 4, 5, 6, or 8 and who have complied

with the conditions of the respective paragraph and may be used solely for the purposes set out in

paragraph 12 of this Order.  CONFIDENTIAL Information may include, but is not limited to,

information concerning non-public confidential research for and production of current or future

products (including products presently undergoing FDA approval), financial information,

sensitive strategic, commercial, or planning information, including marketing plans and

forecasts, non-public portions of pending or abandoned patent applications, foreign or domestic,

and competitively sensitive information, whether embodied in documents, things, or the factual

knowledge of persons.  CONFIDENTIAL Information includes other materials which the

Designating Party believes in good faith comprise "trade secret or other confidential research,

2

00209985

development or commercial information" within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

## DESIGNATION PROCEDURE

2.      CONFIDENTIAL Information may be designated as subject to this Stipulated Protective Order as follows:

(a)      With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any CONFIDENTIAL Information appears with the legend "CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER" or a marking of like import at the time of production of the documents.  In the case of tangible things (including magnetic media documents on hard drives, floppy discs, DVD, CD-ROM, compact discs, or tapes): by placing a label or tag on the object or on its container with the legend "CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER," or, if not practicable, as otherwise agreed, at the time of production of the object.

(b)      In the event that a Producing Party elects to produce documents or things for inspection, no confidentiality designation need be made prior to the inspection.  For purposes of the inspection, all documents and things shall be considered CONFIDENTIAL Information, thereby making them subject to this Stipulated Protective Order.  However, the Producing Party shall designate CONFIDENTIAL Information in accordance with subparagraphs (a) and (b) above within 30 days of the inspection.

(c)      Information, including testimony, disclosed at a deposition may be designated "CONFIDENTIAL," by indicating on the record at the deposition the specific portion(s) of the testimony that is to be made subject to the provisions of this Stipulated Protective Order.  In such a case, the portion of the transcript containing the designated

3

00209985

testimony shall be marked with the appropriate legend ("CONFIDENTIAL SUBJECT TO THE

PROTECTIVE ORDER") by the reporter.  In all events, a party must designate all Information

disclosed at a deposition as CONFIDENTIAL by notifying the other parties and the Court

Reporter, in writing, within thirty (30) days of receipt of the transcript of the deposition from the

Court Reporter, those portions of the testimony that are to be designated "CONFIDENTIAL."

Each party shall attach a copy of such written statement to the face of the transcript and each

copy thereof in its possession, custody, or control.  Whether or not designation is made at the

time of a deposition, all depositions shall be treated as CONFIDENTIAL from the taking of the

deposition until thirty (30) days after receipt of the transcript.

(d)     Notwithstanding the foregoing, any employee, agent, advisor,

representative, or person affiliated with a party who is not authorized to receive

CONFIDENTIAL Information under 4, 5, 6, 7, 9, or 10 may attend a deposition at which

CONFIDENTIAL Information may be disclosed.  Such persons shall be excluded from the

deposition room during the period any CONFIDENTIAL Information is disclosed or discussed

unless the Producing Party otherwise consents to their presence.

(e)     In the case of responses to interrogatories, other discovery requests or

responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and

all information contained therein may be designated as "CONFIDENTIAL" by prominently

marking the initial page of such paper and the page or pages on which any CONFIDENTIAL

Information appears with the legend "CONFIDENTIAL SUBJECT TO THE PROTECTIVE

ORDER" or a marking of like import.

(f)     Any pleading, brief, declaration, affidavit, or other public filing marked

"CONFIDENTIAL" containing CONFIDENTIAL Information shall be filed under seal, together

00209985

with a motion to seal, pursuant to the requirements of Local Civil Rules 5.1.3 and 5.3 and the

Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means;

provided, however, that the burden of establishing the criteria for sealing under the Local Civil

Rules and Revised Administrative Procedures shall at all times be on the party which designated

the Information "CONFIDENTIAL."

(g)     In the event that any CONFIDENTIAL Information is used in any Court

pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or

hearings), the CONFIDENTIAL Information shall not lose its status as CONFIDENTIAL

Information through such use, and the Producing Party, upon prior notification by the opposing

party of the intention of the opposing party to use CONFIDENTIAL Information of the

Producing Party in such pre-trial proceeding, shall take all steps reasonably required to protect

the confidentiality of the CONFIDENTIAL Information during such use, including, but not

limited to, requesting in camera proceedings.  The terms of this Stipulated Protective Order do

not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The parties agree

to meet and confer in good faith prior to trial to establish procedures for the use of

CONFIDENTIAL Information at trial.

## RESTRICTIONS ON DISCLOSURE

3.     CONFIDENTIAL Information and any analysis or report containing

CONFIDENTIAL Information may be made available to and inspected by the Court and its

personnel, and any outside counsel of record, including their stenographic, clerical, legal, and

paralegal employees or agents whose duties require access to such CONFIDENTIAL

Information.  The current outside counsel of record are listed below:

Plaintiffs:

5

**Apotex, Inc.** and **Apotex Corp.**

LOCKE LORD LLP
111 S. Wacker Dr.
Chicago, IL  60614

MURPHY & LANDON
1011 Centre Road, Suite 210
Wilmington, Delaware  19805

Defendants:

**Allergan, Inc.**

GIBSON, DUNN &CRUTCHER
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

**Kyorin Pharmaceutical Co., Ltd.**

JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001

ROSS ARONSTRAM &MORITZ LLP
100 South West Street, Suite 400
Wilmington, DE 19801

**Senju Pharmaceutical Co., Ltd.**

CARTER, LEDYARD &MILBURN LLP
2 Wall Street
New York, NY 10005

GREENBERG,WHITCOMBE & TAKEUCHI, LLP
2515 Hawthorne Blvd., Suite 450
Torrance, CA 90503

BAYARD, P.A.
222 Delaware Avenue, Suite 900

00209985

Wilmington, DE 19899

4.      CONFIDENTIAL Information and any analysis or report containing

CONFIDENTIAL Information may be disclosed to (i) outside copying, litigation support and

management services, exhibit preparation services, outside jury consultants and trial consultants,

who are engaged for this action; (ii) agents to perform computerized legal support and

management services, including vendors retained by counsel, for the purpose of encoding,

loading into a computer, and storing and maintaining for information control and retrieval

purposes, transcripts of depositions, hearings, and trials, pleadings, exhibits marked by any party,

briefs, and accompanying affidavits and appendices, documents produced by any party, or

attorneys' work product, all of which may contain CONFIDENTIAL Information; (iii) and any

interpreter or translator, including any typist or transcriber used in connection with providing

interpretation or translations services.

(a)      As a condition precedent to disclosure of CONFIDENTIAL Information

to any such person, he or she must: acknowledge receipt and understanding of this Stipulated

Protective Order; agree to be bound thereby; agree to use the CONFIDENTIAL Information

solely for this litigation, and not to disclose any CONFIDENTIAL Information to any other

person, firm, or concern in violation of this Stipulated Protective Order; and agree never to use

any CONFIDENTIAL Information, directly or indirectly, in competition with the party that

disclosed it, nor to allow any other person to do so.

(b)      Each person specified in this paragraph shall execute a declaration

acknowledging the foregoing, in the form annexed hereto at Exhibit A, before receiving any

CONFIDENTIAL Information.

00209985

5.      CONFIDENTIAL Information and any analysis or report containing

CONFIDENTIAL Information may be disclosed to independent experts and independent

consultants (including jury consultants) and their staffs (including members of mock juries) who

are employed to furnish expert or technical services or to give expert testimony with regard to

this action and not otherwise affiliated in any way with a party.

(a)      As a condition precedent to disclosure of CONFIDENTIAL Information

to any such person, he or she must: acknowledge receipt and understanding of this Stipulated

Protective Order; agree to be bound thereby; agree to use the CONFIDENTIAL Information

solely for this litigation, and not to disclose any CONFIDENTIAL Information to any other

person, firm, or concern in violation of this Stipulated Protective Order; and agree never to use

any CONFIDENTIAL Information, directly or indirectly, in competition with the party that

disclosed it, nor to allow any other person to do so.

(b)      Each person specified in this paragraph shall execute a declaration

acknowledging the foregoing, in the form annexed hereto at Exhibit A, before receiving any

CONFIDENTIAL Information.

(c)      For each independent expert who executes a declaration, counsel who

retained the independent expert shall forward a copy of the executed declaration, together with a

current CV, a list of prior consulting relationships for companies involved in the development,

manufacturing, marketing or sale of pharmaceutical products, and a list of all cases in which the

expert testified at trial or by deposition within the last four (4) years, to counsel for the other

parties at least ten (10) calendar days prior to the proposed disclosure of CONFIDENTIAL

Information.  If any party objects to the proposed disclosure to the expert within ten (10)

calendar days after receipt of the notice of it, the disclosure may not be made without prior

8

written consent by the objecting party or prior approval by the Court.  Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL Information to the expert shall make an appropriate motion.  The burden shall be on the objecting party to show the Court why the disclosure should not be made.

6.      CONFIDENTIAL Information, and any analysis or report containing CONFIDENTIAL Information may be disclosed to up to three in-house counsel, Legal Department employees, or Intellectual Property Department employees for each Plaintiff or Defendant.  The designated employees must not have business decision-making authority and must be working on or have responsibility for this case.  The specified in-house counsel or employees designated by the parties shall not be involved in the preparation or prosecution of any patent application that covers gatifloxacin compositions for the duration of the action including appeals, and for a period of at least two (2) years thereafter.  The in-house counsel or other employees designated by the parties shall not disclose to the FDA any CONFIDENTIAL Information obtained as a result of this litigation.  CONFIDENTIAL Information and any analysis or report containing CONFIDENTIAL Information may also be disclosed to the staff of the designated in-house counsel or employees.

(a)      Allergan hereby designates the following representatives pursuant to paragraph 6 of this Order: Donald Bunnin, Debra Condino, and John Duff.

(b)      Senju hereby designates the following representatives pursuant to paragraph 6 of this Order:  Naoko Kishida and Shuji Matsumura.

(c)      Kyorin hereby designates the following representatives pursuant to paragraph 6 of this Order:  Dr. Yasusuhi Kohno, Dr. Takayuki Sawada, and Masaru Kanda.

9

00209985

(d)    Apotex hereby designates the following in-house counsel or legal department heads pursuant to paragraph 6 of this Order:  Robert Shapiro, Omar Jabri, and Kevin Zive.

7.    In the event that counsel for a party deems it necessary to disclose any CONFIDENTIAL Information to any person not permitted by paragraphs 3, 4, 5, 6, or 8, said counsel shall notify counsel for the Producing Party in writing of (a) the specific information, documents and/or testimony to be disclosed and (b) the person(s) to whom such disclosure is to be made.  Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure, and no disclosure shall be made by the requesting party until the issue is resolved by agreement of the parties or by court order.  If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL Information shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary.  Persons being shown CONFIDENTIAL Information pursuant to this paragraph (except for current employees of a party to this action) shall be required to sign the Declaration annexed to this Stipulated Protective Order.  A copy of the signed Declaration will be provided to counsel for the Producing Party before the CONFIDENTIAL Information is shown to such persons.

8.    A witness at a deposition or trial, who is not authorized to receive CONFIDENTIAL Information pursuant to paragraphs 3, 4, 5, or 6 may be shown any document that contains or reveals CONFIDENTIAL Information only if the designated CONFIDENTIAL Information originated from that person or if it appears to have been authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure.  In addition, a witness may be shown any document that contains or reveals CONFIDENTIAL Information if the witness is currently an officer, director, agent, or employee of the Producing

00209985

Party.  This Protective Order shall not prevent counsel from examining a witness to determine

whether he or she has prior knowledge of or authorized access to CONFIDENTIAL Information,

so long as such examination is in a manner that does not disclose the details of the

CONFIDENTIAL Information.

9.      Persons being shown CONFIDENTIAL Information during a deposition pursuant

to paragraph 8 of this Stipulated Protective Order (except for current employees of a party to this

action) shall not be allowed to retain copies of the CONFIDENTIAL Information although such

persons will be permitted to review the CONFIDENTIAL Information while reviewing their

transcript, provided such persons do not retain any copies after completing their review of the

transcript for accuracy.

10.      Nothing in this Stipulated Protective Order shall be construed as a limitation on a

party's ability to show materials which that party has designated as "CONFIDENTIAL" to

whomever the Producing Party may deem appropriate, nor will it be construed as a limitation on

a party's ability to show materials designated by another party as "CONFIDENTIAL" to that

Producing Party, including any present employee thereof.

11.      The list of persons to whom CONFIDENTIAL Information may be disclosed may

be expanded or modified by mutual agreement in writing by counsel for the Producing Party and

the non-producing party or parties without necessity of modifying this order.

## RESTRICTIONS ON USE

12.      CONFIDENTIAL Information obtained from a Producing Party pursuant to

pretrial discovery in this action may be used and disclosed only for purposes of defending or

prosecuting this action for which it is produced.  No party or person shall make any other use of

any such CONFIDENTIAL Information without prior written permission from the Producing

00209985

Party, including but not limited to use for commercial or competitive purposes or use in any

other legal proceeding, except as permitted by order of the Court.  Designated CONFIDENTIAL

Information cannot, for example, be used directly or indirectly by the non-producing party for

the purpose of preparing or prosecuting any patent application, in any communication with or

petition to any regulatory agency, including the FDA, or in any communication with the United

States Pharmacopeia or any similar organization.

13.     Nothing in this Stipulated Protective Order, however, shall restrict the use or

disclosure by a party of its Information, including the deposition testimony of its employees or

experts.

14.     Any person who receives any CONFIDENTIAL Information shall maintain such

material in accordance with this Stipulated Protective Order and shall exercise due and proper

care with respect to the storage, custody, use, and/or dissemination of such material.

## EFFECT OF DISCLOSURE OF CONFIDENTIAL INFORMATION

15.     If any CONFIDENTIAL Information is disclosed to any person other than in a

manner authorized by this Stipulated Protective Order, the party responsible for the disclosure or

knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform

the Producing Party of all facts pertinent to the disclosure that, after due diligence and prompt

investigation, are known to the party responsible for the disclosure or knowledgeable of the

disclosure (including the name, address and employer of the person to whom the disclosure was

made), shall immediately make all reasonable efforts to prevent further disclosure by each

unauthorized person who received such Information, and shall make all reasonable efforts to

retrieve such Information.

00209985

16.     Nothing in this Stipulated Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such Information was or is lawfully obtained by such party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information, the party claiming that such information is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

17.     Nothing in this Stipulated Protective Order shall be construed as an agreement or admission: (a) that any Information designated as CONFIDENTIAL Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, admissibility, or materiality of any such Information, all objections to which are reserved, including for trial. Further, nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

18.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any point with the designation by the Producing Party of any Information as "CONFIDENTIAL", the parties shall make a good-faith effort to resolve the dispute.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that its designation was appropriate.

00209985

19.     The disclosure by a Producing Party of CONFIDENTIAL Information in responses to discovery requests, documents produced in deposition testimony or otherwise, without the designation required, shall constitute a waiver of any claim of confidentiality, except in the situation where (a) such disclosure resulted from inadvertence or mistake on the part of the Producing Party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure, but not later than ten (10) days after such discovery, and (c) within ten (10) days of such discovery, the Producing Party has provided properly marked documents. Upon such notice, and upon receipt of properly marked documents, the receiving party shall return said unmarked documents and things, including those distributed to others, to the extent practicable, and shall not retain copies thereof and thereafter shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL Information in accord with the new designation.

20.     The inadvertent production of Information subject to the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity will not constitute waiver of, estoppel as to, or otherwise prejudice any claim of such immunity or privilege.  In addition, the fact that Information was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver or estoppel.  If a party has inadvertently produced Information subject to a claim of immunity or privilege, upon request of the Producing Party, any documents and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after such request is made, as required by Rule 26(b)(5)(B).  Moreover, to the extent practical and reasonable, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced information subject to a claim of immunity or privilege shall be

00209985

destroyed.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the Information and generally describe its nature to the Court in any motion to compel production of the Information.  Such a record of the identity and nature of information may not be used for any purpose other than preparation of a motion to compel in this Action.  After the return of the Information, the receiving party may challenge the Producing Party's claim(s) of immunity or privilege by making a motion to the Court.  Nothing in this paragraph shall require a Party to withdraw a pleading, filed with the Court prior to receiving a request for return under this paragraph, that references or includes such information.

21.     Nothing in this Stipulated Protective Order shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

## TERMINATION

22.     (a)     Within thirty (30) days after the conclusion of this action, including any appeals, all Information designated "CONFIDENTIAL", including extracts and summaries thereof, and all reproductions thereat shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  If the Information is destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the Producing Party that destruction has taken place.  Notwithstanding this paragraph, a party may retain copies of (1) pleadings, briefs, exhibits, and other Court filings that include Confidential Information and (2) drafts, notes, communications, memoranda, or other documents containing attorney work product that include Confidential Information.  Insofar as the provisions of this and any other Order entered in this action restrict the communication and

15

use of Information, such Order(s) shall continue to be binding after the conclusion of this

litigation except (i) that there shall be no restriction on documents that are used as exhibits in

Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written

permission of the Producing Party or further order of the Court with respect to dissolution or

modification of any such Order(s).

(b)   This Court shall retain jurisdiction over the parties and this Stipulated

Protective Order for the purposes of compliance with and enforcement of its terms, and the final

termination of this action shall not terminate this Stipulated Protective Order or its terms.

## MISCELLANEOUS PROVISIONS

23.   Plaintiffs and Defendants were all parties to the Stipulated Protective Orders

entered in *Senju Pharmaceutical Co., Ltd, et al. v. Apotex, Inc., et al.*, C.A. No. 07-779 (SLR)

and *Senju Pharmaceutical Co., Ltd, et al. v. Apotex, Inc., et al.*, C.A. No. 12-159 (SLR) and

hereby agree and consent to relieve and extend the obligations upon termination set forth in those

Stipulated Protective Orders for all parties until the conclusion of this action, including any

appeals.

24.   The terms of this Stipulated Protective Order shall be applicable to Information

produced by any party in *Senju Pharmaceutical Co., Ltd, et al. v. Apotex, Inc., et al.*, C.A. No.

07-779 (SLR) or *Senju Pharmaceutical Co., Ltd, et al. v. Apotex, Inc., et al.*, C.A. No. 12-159

(SLR), including any Information produced by any party in either litigation that was also

produced or obtained in *Senju Pharmaceutical Co., Ltd., et al. v. Lupin Ltd., et al.*, C.A. No. 11-

0271 (SLR/MPT).

25.   If a third party provides discovery or otherwise provides Information to any party

in connection with this action, and if the third party so elects, the provisions of this Stipulated

16

Protective Order shall apply to such discovery or Information as if such discovery or Information were being provided by a party.  Under such circumstances, the third party shall have the same rights and obligations under this protective order as held by the parties to this action.

26.     A copy of this Stipulated Protective Order shall be served along with any subpoena served in connection with this action.

27.     Nothing in this Stipulated Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information.

28.     This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any Information as "CONFIDENTIAL", nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

29.     Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Information produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL Information, the attorney shall not disclose the contents of CONFIDENTIAL Information produced by any other party or non-party.

30.     Any person receiving CONFIDENTIAL Information under the terms of this Stipulated Protective Order hereby agrees to subject himself or herself to the jurisdiction of this

00209985

Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

31.     All notices requires by this Stipulated Protective Order shall be served by electronic copy by the close of the business day to the counsel of record.  The date by which a party receiving notice shall respond, or otherwise take action, shall be computed from the close of the business day that the electronic copy was received in the office of counsel.

32.     If another court or administrative agency subpoenas or orders production of any CONFIDENTIAL Information that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly notify the Producing Party of the pendency of such subpoena or order.

33.     Each party reserves the right to apply to the Court to modify the terms of this Stipulated Protective Order in the event that the party believes that it is necessary.  In the event such an application is made, all persons described herein shall be bound by this Stipulated Protective Order until it is modified by the Court.

00209985

Agreed to and accepted as to both form and substance:

| | |
|---|---|
| /s/*Francis J. Murphy* | /s/*Jeremy A. Tigan* |
| Francis J. Murphy, DE I.D. No. 223 | Jack B. Blumenfeld (Del. Bar No. 1014) |
| MURPHY & LANDON | Jeremy A. Tigan (Del. Bar No. 5239) |
| 1011 Centre Road, Suite 210 | MORRIS, NICHOLS, ARSHT |
| Wilmington, Delaware  19805 |   & TUNNELL LLP |
| (302) 472-8103 | Chase Manhattan Centre |
| (302) 472-8135 (fax) | 1201 North Market Street |
| fmurphy@msllaw.com | P.O. Box 1347 |
| | Wilmington, Delaware  19899-1347 |
| *Attorneys for Plaintiffs* | |
| *Apotex, Inc. and Apotex Corp.* | *Attorneys for Defendant* |
| | *Allergan, Inc.* |
| *Of Counsel*: | |
| | *Of Counsel*: |
| Keith D. Parr | |
| Michael J. Gaertner | M. Sean Royall |
| Scott B. Feder | Ashley E. Johnson |
| David B. Abramowitz | GIBSON, DUNN &CRUTCHER |
| Andy J. Miller | 2100 McKinney Avenue |
| LOCKE LORD LLP | Suite 1100 |
| 111 South Wacker Dr. | Dallas, TX 75201-6912 |
| Chicago, Illinois  60606 | (214) 698-3100 |
| 312-443-0700 | |
| 312-443-0336 (fax) | Jeffrey T. Thomas |
| kparr@lockelord.com | GIBSON, DUNN &CRUTCHER LLP |
| mgaertner@lockelord.com | 3161 Michelson Drive |
| sfeder@lockelord.com | Irvine, CA 92612-4412 |
| dabramowitz@lockelord.com | (949) 451-3800 |
| amiller@lockelord.com | |
| | *Attorneys for Defendant* |
| Alan B. Clement | *Allergan, Inc.* |
| LOCKE LORD LLP | |
| 3 World Financial Center | |
| New York, NY 10281 | |
| aclement@lockelord.com | |
| | |
| *Attorneys for Plaintiffs* | |
| *Apotex, Inc. and Apotex Corp.* | |

/s/*Benjamin J. Schladweiler*         

David E. Ross (DE Bar #5228)
Benjamin J. Schladweiler (DE Bar #4601)
ROSS ARONSTRAM & MORITZ LLP
100 South West Street, Suite 400
Wilmington, DE 19801

*Attorneys for Defendant*
*Kyorin Pharmaceutical Co., Ltd.*

*Of Counsel:*

John M. Majoras
Kevin D. McDonald
Rosanna K. McCalips
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001

*Attorneys for Defendant*
*Kyorin Pharmaceutical Co., Ltd.*


/s/*Stephen B. Brauerman*         

Richard D. Kirk (DE Bar #0922)
Stephen B. Brauerman (DE Bar #4952)
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899

*Attorneys for Defendant*
*Senju Pharmaceutical Co., Ltd.*

*Of Counsel:*

William F. Sondericker
Keith D. Nowak
Gerald W. Griffin
CARTER, LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005

Derrick K. Takeuchi
GREENBERG, WHITCOMBE & TAKEUCHI, LLP
2515 Hawthorne Blvd., Suite 450
Torrance, CA 90503

*Attorneys for Defendant*
*Senju Pharmaceutical Co., Ltd.*


SO ORDERED this _____ day, of _____, 2015.


_____
Hon. Sue L. Robinson

00209985

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APOTEX, INC., and APOTEX CORP., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-cv-0196 (SLR) |
| | ) | |
| SENJU PHARMACEUTICAL CO., LTD., | ) | |
| KYORIN PHARMACEUTICAL CO., LTD., | ) | |
| and ALLERGAN, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____ declare and state under penalty of perjury that:

1.    My present residential address is _____

_____

2.    My present employer is _____

_____

3.    My present occupation or job description is _____

_____

4.    I have received and carefully read the Stipulated Protective Order dated

_____, and understand its provisions.  Specifically, I understand that I am obligated,

under order of the Court, to hold in confidence and not to disclose the contents of anything

marked CONFIDENTIAL to anyone other than the persons permitted by paragraphs 3,4,5, or 6

of the Stipulated Protective Order.  I further understand that I am not to disclose to anyone other

1

than the persons permitted by paragraphs 3, 4, 5, or 6 of the Stipulated Protective Order any words, substances, summaries, abstracts or indices of any CONFIDENTIAL Information disclosed to me.  I will use the CONFIDENTIAL Information solely for purposes relating to the above-captioned litigation.  I will never use any CONFIDENTIAL Information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so.  I will not use CONFIDENTIAL Information for the purpose of preparing or prosecuting any patent application, in any communication with or petition to the U.S. Food and Drug Administration, or in any communication with the United States Pharmacopeia or any similar organization nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Protective Order.

5.     At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such Information.

6.     I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____          _____

                                                                            Signature

2