IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APOTEX, INC., and APOTEX CORP., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-cv-0196 (SLR) |
| | ) | |
| SENJU PHARMACEUTICAL CO., LTD. | ) | |
| KYORIN PHARMACEUTICAL CO., LTD. | ) | |
| and ALLERGAN, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

At Wilmington this _____ day of _____ 2015, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

**1. Pre-Discovery Disclosures**. The parties will exchange by **July 31, 2015** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

**2. Discovery**.

Discovery will be needed on the following subjects:  Plaintiffs will take discovery on the Defendants' alleged anticompetitive activities including:   (i) product-hopping; (ii) institution of sham litigation; (iii) fraud on the USPTO in prosecution of the reexamination of U.S. Patent No. 6,333,045; and (iv) Defendants' attempts to monopolize and/or restrain trade in the gatifloxacin ophthalmic solution market.  Plaintiffs will also take discovery on Defendants' sales and profits resulting from these alleged activities.  Plaintiffs reserve the right to pursue discovery on any additional matters that arise during the course of discovery.

Defendants will take discovery regarding, among other things, (i) Apotex's development of and planning for generic ophthalmic solutions, including any Abbreviated New Drug Applications (ANDAs) Apotex filed or planned to file with the FDA; (ii) Apotex's plans for manufacturing gatifloxacin ophthalmic products; (iii) Apotex's analysis of the competitive landscape for gatifloxacin ophthalmic products; (iv) other information regarding Apotex's ability to enter the market with generic gatifloxacin ophthalmic solutions; (v) Apotex's analysis and assessment of the clinical and therapeutic benefits of Zymaxid® compared to Zymar® and to other ophthalmic solutions; (vi) generic companies' development of and planning for generic ophthalmic solutions, including any ANDAs filed or planned to be filed with the FDA; (vii) the issuance of any FDA Import Alert, Warning Letters, or other FDA concerns related to any Apotex facility; (viii) the issuance of any FDA Import Alert, Warning Letters, or other FDA concerns related to compliance and manufacturing issues at any facility (whether owned by Apotex or any third party) that Apotex contends it could have utilized to manufacture a gatifloxacin ophthalmic product for distribution and sale in the United States; (ix) the Canadian patent litigation filed against Apotex alleging infringement of gatifloxacin related patents, such as the '316 Canadian Patent; and (x) the proper definition of the relevant market, competitive conditions in the market, and related factors bearing upon Plaintiffs' antitrust contentions. Defendants reserve the right to pursue discovery on any additional matters that arise during the course of discovery.

(a) All fact discovery shall be commenced in time to be completed by **September 9, 2016**.

(1) Maximum of **25** interrogatories by each party to any other party.

(2) Contention interrogatories, if filed, shall first be served on the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of **100** requests for admission by each party to any other party, exclusive of requests to authenticate documents.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **April 29, 2016**. In the absence of agreement among the parties or by order of the Court, the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")" shall govern.

(5) Maximum of **20** fact depositions collectively by Plaintiffs and **20** collectively by Defendants absent leave of Court to conduct additional deposition discovery. Each fact deposition (other than of those conducted in a language other than English) shall be limited to a maximum of **7** hours unless extended by agreement of parties. Defendants agree to meet-and-confer with Plaintiffs on a witness-by-witness basis to determine whether any additional deposition time is warranted for a witness testifying in a language other than English, but in no event shall such a deposition be extended beyond 14 hours, inclusive of any translation time, unless extended by agreement of the parties. Each 30(b)(6) deposition noticed shall count as a single deposition no matter the number of witnesses designated to testify. A non-party deposition will not count toward the per-party fact deposition total.

(6) In the absence of agreement among the parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be

00210018

scheduled prior to the completion of document productions as set forth above.

(b)  Expert discovery shall be commenced in time to be completed by **March 3, 2017**.

(1)  Opening expert reports are due **October 12, 2016**.  Rebuttal expert reports are due **December 9, 2016**.  Supplemental expert reports are due **January 12, 2017**.

(2)  Expert depositions to be limited to a maximum of **7** hours unless extended by agreement of the parties.

(3)  All Daubert motions be filed on or before **March 30, 2017**.

(4)  No later than **July 15, 2016**, each party shall disclose the identity of any non-rebuttal experts and, for each such expert, the information provided for in Rule 26(a)(2)(B)(iv)-(v).

(5)  No later than **November 4, 2016**, each party shall disclose the identity of any rebuttal experts and, for each such expert, the information provided for in Rule 26(a)(2)(B)(iv)-(v).

(c)  Discovery Disputes:  The Court shall conduct an in-person discovery status conference on **May 23, 2016 at 4:30 p.m.**  Time during the status conference will be allotted equally among the parties.  **No motions to compel or for protective order shall be filed absent prior approval of the Court**.

(d)  Fact Witnesses to be Called at Trial:  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to

call at trial. It is expected that all such witnesses have been disclosed during the fact discovery process.

      (e)  Supplementations under Rule 26(e) due **August 19, 2016**.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **April 8, 2016**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] for the purposes of exploring ADR.

5. **Summary Judgment Motions** (**only in cases where a jury demand has been made**).

      (a)  All summary judgment motions shall be served and filed on or before **March 30, 2017**. Absent order of the Court, no summary judgment motion may be filed earlier than said date.

      (b)  Answering briefs shall be served and filed on or before **May 5, 2017**.

      (c)  Reply briefs shall be served and filed on or before **May 26, 2017**.

      (d)  In the event that the parties file cross-motions for summary judgment, the parties shall meet and confer to establish a schedule for cross-briefing consistent with the Court's model order and Local Rules to present to the Court for approval.

      (e)  The hearing on the motion(s) for summary judgment will be set on **July 21, 2017 at 9:30 a.m.**

6. **Applications by Motion**. Any application to the Court shall be by written motion filed with the clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

---

[1] The Court may also refer ADR to a Special Master.

00210018

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

7. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues pursuant to D. Del. LR 16.3.

8. **Pretrial Conference**. A pretrial conference will be held on **September 19, 2017 at 4:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial**. This matter is scheduled for a two-to-three week jury trial commencing on **October 2, 2017** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
Hon. Sue L. Robinson
United States District Judge